IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WHITNEY RENEE ISNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00056 |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Whitney Renee Isner brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying her claim for supplemental security income (SSI) under the Social Security Act (the Act). *See* 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 28.) Isner timely objected. (Dkt. No. 29.) After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court agrees with, and will adopt in full, the magistrate judge's recommendation. Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–4, Dkt. No. 28.)

II. DISCUSSION

**A. Standard of Review**

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d

411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)).

Isner raises three objections to the report, and they all concern issues raised in her brief before the magistrate judge. But Isner also cites to specific portions of the record that she believes refute the report's conclusions, and she specifically addresses statements in the report that she believes were erroneous. Thus, the court will address her objections and apply a de novo standard of review.

**B. ALJ's Decision**

On August 8, 2014, the ALJ entered his decision analyzing Isner's claim, ultimately concluding that Isner was ineligible for benefits.[1] In reaching his decision, the ALJ followed the five-step process found in 20 C.F.R. § 416.920 (2016). The five-step evaluation asks the following questions, in order: (1) whether the claimant is working or participating in substantial gainful activity; (2) whether the claimant has a severe impairment of the duration required by 20

---

[1] The ALJ first entered a decision concluding that Isner was ineligible for benefits on June 6, 2012. The Appeals Council vacated this decision and remanded for further consideration in light of Isner's additional evidence and request for a supplemental hearing. The ALJ held two additional hearings and, on August 8, 2014, entered his second decision denying Isner's claim for benefits.

3

C.F.R. § 416.909; (3) whether she has a type of impairment whose type, severity, and duration meets the requirements listed in the statute; (4) whether she can perform her past work, and if not, what her residual functional capacity (RFC) is; and (5) whether work exists for the RFC assessed to the claimant. 20 C.F.R. § 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the commissioner to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A).

In this case, the ALJ determined that Isner had not engaged in substantial gainful activity since July 7, 2010, the application date. (ALJ Decision, Administrative Record (R.) 23, Dkt. No. 12-1.) At step two, the ALJ found that Isner suffered from the severe impairments of major depressive disorder, polysubstance dependence, obsessive-compulsive disorder (OCD), attention deficit hyperactivity disorder (ADHD), bipolar disorder, asthma, lumbago, and cervicalgia. (*Id.*) The ALJ further found that certain of Isner's impairments, including her substance abuse disorders, met listings 12.04 (affective disorders) and 12.09 (substance abuse disorders). (*Id.* at 24.) Nevertheless, the ALJ found that if Isner stopped abusing substances, her impairments would no longer meet or medically equal a listed impairment. (*Id.* at 26.)

The ALJ then evaluated Isner's RFC, determining that if Isner stopped abusing substances, she would retain the RFC to perform light work and simple, routine, repetitive tasks in a low-stress job with only occasional decision-making, changes in work setting, judgment, and interaction with the public or co-workers. (*Id.* at 27–28.) The ALJ therefore concluded that Isner was not eligible for benefits. (*Id.* at 140.) In his report, the magistrate judge concluded that substantial evidence supported the ALJ's decision. (Report 1.)

4

**C. Isner's Objections**

Isner asserts three objections to the magistrate judge's report, all of which she raised before the magistrate judge, too. First, she argues that the ALJ failed to sufficiently explain his reasons for giving great weight to the opinions of the reviewing physician, who concluded that Isner had greater functional capacity when substance-free, and less weight to those of Isner's treating counselor, who concluded that Isner would be disabled even in the absence of substance abuse. Second, Isner contends that the ALJ failed to properly consider her mental impairments, and, in particular, failed to account for her limitations in concentration, persistence, or pace. Third, Isner maintains that the ALJ's credibility determination was flawed because it was not measured against objective medical evidence but rather reflected the ALJ's improper reliance on the reviewing physician's findings. (Pl.'s Obj., Dkt. No. 29.) The commissioner has not responded to Isner's objections.

The court addresses each objection in turn.

1. **The magistrate judge correctly found that the ALJ sufficiently explained his reasons, which are supported by substantial evidence, for giving great weight to the opinion of the reviewing physician and some weight to the opinion of Isner's treating counselor.**

Isner argues that the ALJ failed to sufficiently explain why he gave great weight to the opinions of Dr. Tessnear, the reviewing physician, and some weight to the opinions of Ms. Pugh, the treating counselor. Isner points out that the reviewing physician never personally observed Isner and that the ALJ's giving greater weight to the reviewing physician's opinions ignores the fact that Isner "still exhibits disabling symptoms even when abstinent from substances." (Pl.'s Obj. 3.)

Isner's disagreement with the weight given to the reviewing physician's testimony fails to address the fact that the ALJ explained in detail his reasons for apportioning such weight with

5

respect to the opinions of the reviewing physician and treating counselor, in addition to Isner's treating physician and treating psychiatrist. In making his RFC determination, an ALJ must assess every medical opinion received into evidence. 20 C.F.R. § 416.927(c). Although he must give the opinion of a treating physician controlling weight unless the opinion is inconsistent with other substantial evidence in the record, 20 C.F.R. §416.927(c)(2), an ALJ may consider the opinion of a non-"acceptable" medical source, such as the treating counselor in the instant case, only to the extent that it "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function," SSR 06–03p, 2006 WL 2329939, at *4. After making his determination, an ALJ must sufficiently explain the weight afforded to each medical opinion. *Monroe v. Colvin*, 826 F.3d 176, 190–91 (4th Cir. 2016). If he does so, the court "must defer to the ALJ's assessments of weights unless they are not supported by substantial evidence." *Dunn v. Colvin*, 607 F. App'x. 264, 267 (4th Cir. 2015) (citations omitted).

Here, the ALJ reasoned that Isner's treating counselor's assertion that Isner's limitations would still exist absent substance abuse was contradicted by: a) the opinion of Isner's treating psychiatrist; b) the treatment notes from Isner's physician; c) the opinion of Isner's reviewing physician; and d) Isner's prison records, which reflect improved functioning in the absence of substance use. (R. 38–43; *see also* R. 1316, 1327, 1331–40.) The ALJ further explained that he found the reviewing physician's opinion to be "consistent with the medical evidence of the record as a whole" and supported, in particular, by Isner's prison treatment records. (R. 39.) These explanations are thus supported by substantial evidence (R. 1316, 1327, 1331–40), and the court defers to the ALJ's assessment of weights. Isner's first objection is overruled.

6

## 2. The magistrate judge correctly found that the ALJ sufficiently considered and accounted for Isner's limitations in concentration, persistence, and pace.

Isner next argues that the ALJ failed to properly account for her moderate limitations in concentration, persistence, and pace in his RFC findings. (Pl.'s Obj. 4.) Citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), Isner asserts that the ALJ failed to build a logical bridge between the evidence and his RFC findings because his findings only addressed Isner's skill level and not her ability to stay on task. (*Id.*) The magistrate judge and Isner agree that under *Mascio*, an ALJ has a duty to adequately review the evidence and explain his decision regarding RFC by addressing not just a claimant's ability to *perform* simple tasks, but her ability to *stay* on task. (Report 13; Pl.'s Obj. 5–6; 780 F.3d at 638.) The magistrate judge concluded that "[t]his is not a situation like *Mascio*, where the ALJ summarily concluded that a limitation to simple, unskilled work accounts for the claimant's moderate impairment in concentration, persistence and pace without further analysis." (Report 14.) Isner counters that "as in *Mascio*[,] the ALJ in this case . . . does not explain how his RFC findings account for or address plaintiff's moderate limitations in concentration, persistence or pace." (Pl.'s Obj. 5.)

The court's review of the record shows that the magistrate judge's conclusion is correct. The ALJ in this case explained how his RFC findings accounted for Isner's moderate limitations in concentration, persistence, and pace. He properly analyzed the question of Isner's alleged restrictions by, for example, limiting Isner to "simple, routine, repetitive tasks in a low-stress job with only occasional decision-making, occasional changes in work setting, occasional judgment, and occasional interaction with the public and with coworkers" in his question posed to the vocational expert. (R. 79). The ALJ then explained in detail in his decision how Isner's stopping her substance abuse would affect her difficulties with concentration, persistence, and pace, and how her remaining difficulties relate to each limitation in the RFC analysis. (R. 26–

7

27.) Any objection to the ALJ's analysis, then, is effectively an objection to the ALJ's reliance on the reviewing physician's opinions, which the court has already addressed above. The court concludes that the ALJ properly analyzed the question of Isner's restrictions, and his finding is supported by substantial evidence.

### 3. The magistrate judge correctly found that the ALJ's credibility determination was supported by substantial evidence.

Isner's third objection is an extension of her first objection: "the ALJ erred in giving greater weight to Dr. Tessnear's [the reviewing physician's] opinions and consequently, the ALJ's credibility findings are not supported by substantial evidence." (Pl.'s Obj. 5–6.) Isner goes on to recast her first objection by arguing that the credibility determination is also not supported by substantial evidence because "the ALJ erred in concluding Ms. Pugh's [the treating counselor's] opinions are not entitled to greater weight." (*Id.* at 6).

To the extent that Isner's third objection simply reiterates her first objection, the court has already addressed and overruled it. Furthermore, the ALJ's decision is replete with objective medical evidence on which the ALJ relied in measuring Isner's credibility.[2] (*See* R. 39–43.) The ALJ explained the weight he gave, and the reasons for giving that weight, to each of the relevant medical opinions, and he found that the reviewing physician's opinion was "consistent with the medical evidence of record as a whole." (R. 39.) The ALJ explained, moreover, that because Isner reported that she had previously lied about being clean and sober, "it is difficult to determine when she has truly abstained from substance abuse, other than the enforced abstinence

---

[2] In March 2016, the Social Security Administration ruled that "credibility" is no longer the appropriate terminology to be used in determining benefits. *See* SSR 16–3p, 2016 WL 1119029 (S.S.A. Mar. 16, 2016) (effective March 28, 2016). Under SSR 16–3p, the ALJ is no longer tasked with making an overarching credibility determination; rather, he must assess whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16–3p was issued after the ALJ's consideration of Isner's claim, and both the ALJ's opinion and the parties' briefs speak in terms of a "credibility" evaluation. Thus the magistrate judge and this court analyze the ALJ's decision based on the previous provisions, which required a credibility assessment. As the magistrate judge noted, the methodology of the former provisions and SSR 16–3p are quite similar because both require the ALJ to consider Isner's report of her own systems against the backdrop of the entire case record.

while incarcerated." (R. 38.) Ultimately, the ALJ concluded that, "[b]ased on the entire record, including the testimony of the claimant . . . the evidence fails to support the claimant's assertions of total disability in the absence of substance abuse." (R. 43.)

The court's review of the commissioner's decision is for substantial evidence, and credibility is almost always the province of the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005) (explaining that courts "cannot make credibility determinations," but "are empowered" to review whether "substantial evidence supports the ALJ's credibility assessment"). The court is satisfied that there is substantial evidence in the record to support both the ultimate decision that Isner is not eligible for benefits and the ALJ's credibility determination.

### III. CONCLUSION

After a de novo review of the record, the court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule Isner's objections and adopt the magistrate judge's report and recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny Isner's motion for summary judgment.

An appropriate order will be entered.

Entered: September 21, 2017.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

9